IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
MICHIGAN CIVIL DIVISION

**JASON SPICER,**
     **Plaintiff,**

*v*

**THE STATE OF MICHIGAN,**
**MICHIGAN STATE POLICE,**
**TRP. MARK CARROLL (in professional capacity**
 **and as an individual), and**
**TRP. RONALD DARLING (in professional capacity**
**and as an individual),**
**SUPERVISOR GREGORY ZAROTNEY (in professional**
**capacity and as an individual).**

Civil Action
#19-cv-13718
Honorable

DEMAND FOR JURY TRIAL

**WEBSTER LAW OFFICE, PLLC**
**Dionne E. Webster-Cox (P70422)**
**Attorney for Plaintiff**
**33150 Schoolcraft – Ste. 201**
**Livonia, MI 48150**
**(734) 215-2444**

---

## COMPLAINT AND JURY DEMAND

Plaintiff states:

### COMMON ALLEGATIONS

1. This action arises under 42 USC 1983. Jurisdiction is conferred by 28 USC

   1331, 1343(a)(3), (4).

2. Plaintiff is a resident of the City of Detroit, Wayne County,

   Michigan.

3. Defendant State of Michigan oversees and manages the Michigan State Police.

4. Defendant Michigan State Police employs Defendant troopers and supervisor.

5.     Defendant Trp. M. Carroll at all material times was employed by the Michigan State Police as a state trooper.

6.     Defendant Trp. R. Darling at all material times was employed by the Michigan State Police as a state trooper.

7.     When the event alleged in this complaint occurred, Defendant troopers were acting within the scope of their employment and under color of law.

8.     At all material times Defendants State of Michigan and Michigan State Police employed both Defendant troopers and are liable for their acts.

9.     The State of Michigan is also liable because of its policies, practices, and customs, which lead to this complaint of violation.

10.     On or about December 28, 2017 at 02:15 A.M., on the exit to Woodard Ave. on 10 Mile Road in the city of Royal Oak, Oakland County, Plaintiff was speeding and made an improper lane use. Troopers Carroll and Darling conducted a traffic stop.

11.     Defendant Carroll immediately approached Plaintiff's vehicle, opened the driver side door, pulled Plaintiff's cane from the vehicle then pulled Plaintiff from the vehicle, slamming his face to the ground.

12.     Defendant Darling stood there and watched.

13.     The impact of the slam injured Plaintiff's face and chipped his tooth.

14.     Next, Defendant Carroll throws Plaintiff Spicer against the hood of the patrol vehicle.

15.     Plaintiff is taken to the Michigan State Police Metro North post in Oak Park.

16.     After the brutal attack, Plaintiff Spicer complained of numbness. The Defendant troopers ridicule Plaintiff calling him a "little bitch".

17.     Plaintiff Spicer is finally taken to Providence Hospital where he is diagnosed with soft tissue contusion, acute cervical (neck) sprain, lip laceration, and facial contusions.

18.     From the hospital Plaintiff Spicer is transported to the Oakland County Jail.

19.     Plaintiff remains there until bond is posted the very next day December 29, 2017.

20.     On or about December 29, 2017, Plaintiff Spicer returns to the MSP Metro North post in Oak Park, when he wants to file a complaint against Defendant Trp. Carroll however post personnel refused to take his complaint. Plaintiff Spicer also wanted to retrieve his belongings; post personnel denied that request. Plaintiff Spicer returned two additional times and was denied his 2 ct. black diamond earring; and, unable to file a complaint against Trp. Carroll.

21.     Twana Powell, the former head of the Internal Affairs for the Michigan State Police, has filed a whistleblower racial discrimination case in Ingham County Case # 18-000868-CD.

22.     In January 2018, Lieutenant Powell pleaded to have prosecutors review the arrest of James Spicer for unlawful excessive force. However, Supervisor Gregory Zarotney denied her request due to patterns and policies by the Michigan State Police of discrimination against both citizens and employees.

**COUNT 1**
**42 U.S.C. § 1983 – Excessive Force in violation of the Fourth and Fourteenth Amendments (Against Defendants TR MARK CAROLL  AND TR. RONALD DARLING )**

23.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

24.     42 U.S.C. § 1983 provides that: Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress.

25.     Plaintiff in this action is a citizen of the United States and all of the individual state troopers and supervisor.

26.     Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

27.     All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Michigan State Police Officers and their acts or omissions were conducted within the scope of their official duties or employment.

28.     At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

29.     Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

30.     Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

31.     Defendants Trp. Mark Carroll and Trp. Ronald Darling, actions and/or omissions use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment right of Plaintiff.

4

32.      Defendants Trp. Mark Carroll and Trp. Ronald Darling's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Mr. Spicer's federally protected rights.  The force used by these Defendant troopers shocks the conscience and violated the Fourteenth Amendment right of Plaintiff.

33.      Defendants Trp. Mark Carroll and Trp. Ronald Darling's unlawfully seized James Spicer by objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Mr. Spicer of his freedom.

34.      The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

35.      Defendant Trp. Ronald Darling took no reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force of Defendant Trp. Mark Carroll despite being in a position to do so.  Therefore, Defendant Darling is liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of Defendant Carroll.

36.      Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Spicer's federally protected constitutional rights.

37.      They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

38.      The acts and/or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

39.      These individual Defendants acted in concert and joint action with each other.

40.      The acts and/or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

41.     These individual Defendants are not entitled to qualified immunity for the

complained of conduct.

42.     The Defendants to this claim at all times relevant hereto were acting pursuant

to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or

practice in their actions pertaining to Plaintiff.

43.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual

physical and emotional injuries, and other damages and losses as described herein entitling

him to compensatory and special damages, in amounts to be determined at trial.

44.     As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special

damages, including medically related expenses and may continue to incur further medically and

other special damages related expenses, in amounts to be established.

45.     Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988,

pre-judgment interest and costs as allowable by federal law.  There may also be special damages

for lien interests.

46.     In addition to compensatory, economic, consequential and special damages,

Plaintiff is entitled to punitive damages against each of the individually named Defendants

under  42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been

taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights

of  Plaintiff.

### COUNT 2 - 42 U.S.C. § 1983 – Racial Discrimination in Violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1981 (Against Defendants)

47.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set

forth herein.

48.    42 U.S.C. § 1983 provides that Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress.

49.    Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

50.    All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Michigan State Police Officers and their acts or omissions were conducted within the scope of their official duties or employment.

51.    At the time of the complained of events, Plaintiff had the clearly stablished constitutional right to be free from racial discrimination in law enforcement by police officers and to enjoy the equal protection of the laws.

52.     Title 42 U.S.C. § 1981("Section 1981") provides, in pertinent part: All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

53.    Plaintiff, as an African American is a member of a protected class, and thus also had the clearly established statutory right under this provision of 42 U.S.C. § 1981 to be free from racially motivated beatings, arrests, searches, and the filing of false charges.

54.     Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

55.     Plaintiff's race was a motivating factor in the decisions to use excessive force and then maliciously prosecute Plaintiff with false charges.  Defendants' conduct was undertaken with the purpose of depriving Plaintiff of the equal protection and benefits of the law, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and §1981.

56.     Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Spicer's federally protected rights.

57.     The acts and/or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

58.     These individual Defendants acted in concert and joint action with each other.

59.     The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

60.     Defendants are not entitled to qualified immunity for the complained of conduct.

61.     The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

62.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other

special damages related expenses, in amounts to be established at trial.

63.     Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988,

pre-judgment interest and costs as allowable by federal law.  There may also be special damages

for lien interests.

64.     In addition to compensatory, economic, consequential and special damages,

Plaintiff is entitled to punitive damages against each of the individually named Defendants

under  42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been

taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and

statutory rights of Plaintiff.   Plaintiff is further entitled to attorneys' fees and costs pursuant to

42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.  There may also

be special damages for lien interests.

65.     In addition to compensatory, economic, consequential and special damages,

Plaintiff is entitled to punitive damages against each of the individually named Defendants

under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been

taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights

of Plaintiff.

**COUNT 3 - Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981 (Against State of Michigan and Michigan State Police, and Defendant Supervisor Gregory Zarotney only)**

66.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set

forth herein.

67.     42 U.S.C. § 1983 provides that: Every person who under color of any statute, ordinance,

regulation, custom or usage of any state or territory or the District of Columbia subjects or

causes to be subjected any citizen of the United States or other person within the jurisdiction

thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress.

68.     Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

69.     The Defendants to this claim at all times relevant hereto were acting under the color of state law.

70.     Plaintiff had the following clearly established rights at the time of the complained of conduct:

      a.   the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment;

      b.   the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

      c.   the right to exercise his constitutional rights of free speech under the First Amendment without retaliation;

      d.   the right to be free from discrimination by police under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981; and,

      e.   the right to be free from malicious prosecution under the Fourth and Fourteenth Amendments.

71.     Defendant State of Michigan and Defendant Supervisor Gregory Zarotney  knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

72.     The acts or omissions of these Defendants, as described herein, deprived Mr. Spicer of

his constitutional and statutory rights and caused him other damages.

73.     The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

74.     Defendants are not entitled to qualified immunity for the complained of conduct.

75.     Defendant Trp. Mark Carroll, Defendant Michigan State Police, and Defendant State of Michigan were, at all times relevant, policymakers for the State of Michigan and the Michigan State Police, and in that capacity established policies, procedures, customs, and/or practices for the same.

76.     These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Mr. Spicer's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

77.     Defendant Supervisor Gregory Zarotney, Defendant State of Michigan and Defendant Michigan State Police have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

78.     Having knowledge of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so necessary, and the inadequacy of training and/or supervision is so likely to result in violation of constitutional and federal rights such as those described herein

that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

79.     The willfully indifferent training and supervision provided by the Defendant State of Michigan and Defendant Michigan State Police resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendant State Of Michigan , Defendant Supervisor Gregory Zarotney and Defendant Michigan State Police and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

80.     As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

81.     Plaintiff is further entitled to attorneys' fees and costs to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.  There may also be special damages for lien interests.

82.     Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 to redress Defendants' State of Michigan, Michigan State Police and Supervisor Gregory Zarotney above described ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein, and with

respect to the ongoing policy and/or practice of the Internal Affairs Bureau of failing to investigate or appropriately handle complaints of the same, which Defendants have no intention for voluntarily correcting despite obvious need and requests for such correction.

### COUNT 4 - GROSS NEGLIGENCE

83.   Gross negligence is defined by MCL 691.1407(8)(a) as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results."

84.   Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

85.   The Defendants to this claim at all times relevant hereto were acting under the color of state law.

86.   Defendant Trp. Mark Carroll knowingly, wantonly, intentionally, and with gross disregard for the rights of Plaintiff, brutally beat Mr. Spicer with no regard of Mr. Spicer being injured or even being killed.

87.   Each Defendant owed Plaintiff a duty to use due care at the time of the aforementioned incident.

88.   In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to the Plaintiffs as alleged herein.

89.   Defendants are not entitled to qualified immunity for the complained of conduct.

90.   As a proximate and direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special

damages, including medically related expenses and may continue to incur further medically and

other special damages related expenses, in amounts to be established at trial.

## COUNT 5 - ASSAULT AND BATTERY

91.    MCL 750.81 A "Battery" under the Michigan Assault and Battery Statute Definition is "a

forceful, violent, or offensive touching of the person or something closely connected with the

person of another. An "Assault" makes one reasonably fear an immediate battery.

92.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set

forth herein.

93.    Plaintiff avers that the actions of the Defendants breached a duty of care owed to Plaintiff

to not assault them or cause them physical harm or injury, except to the extent allowed by law.

94.    Defendant Trp. Mark Carroll knowingly, wantonly, intentionally, and with gross disregard

for the rights of Plaintiff, assaulted Mr. Spicer by reaching into vehicle to grab Plaintiffs' cane

before violently pulling Plaintiff from vehicle.

95.    Further, Plaintiff was heinously beaten by Defendant Trp. Mark Carroll without

provocation which was all caught on video.

96.    Defendants are not entitled to qualified immunity for the complained of conduct.

97.    The Defendants to this claim at all times relevant hereto were acting pursuant to

municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or

practice in their actions pertaining to Plaintiff.

98.    As a proximate and direct result of Defendants' unlawful conduct, Plaintiff has

suffered actual physical and emotional injuries, and other damages and losses as described

herein entitling him to compensatory and special damages, in amounts to be determined at trial.

As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages,

including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

## PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

a.  compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

b.  economic losses on all claims allowed by law;

c.  special damages in an amount to be determined at trial;

d.  punitive damages on all claims allowed by law against individual

e.  Defendants and in an amount to be determined at trial;

f.  attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988,

g.  including expert witness fees, on all claims allowed by law;

h.  pre- and post-judgment interest at the lawful rate; and,

i.  any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

SUBMITTED BY

WEBSTER LAW OFFICE, PLLC

Dated: December 18, 2019                By: /s/Dionne E. Webster-Cox
                                        Dionne E. Webster-Cox (P70422)
                                        Attorney for Plaintiff
                                        33150 Schoolcraft – Ste. 201
                                        Livonia, MI 48150
                                        (734) 215-2444