UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON SPICER,

        Plaintiff,

v.

THE STATE OF MICHIGAN,
et al.,

        Defendants.
                             /

Case No. 2:19-cv-13718

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING
TROOPER CARROLL'S MOTION TO DISMISS OR,
ALTERNATIVELY, FOR SUMMARY JUDGMENT [34] AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [37]**

Plaintiff Jason Spicer sued several Defendants for civil rights violations. ECF 1. The Court dismissed all Defendants except Trooper Mark Carroll because Trooper Carroll had not joined an earlier motion to dismiss. ECF 23. Still, the Court sua sponte dismissed the equal protection and gross negligence claims against Trooper Carroll. ECF 23, PgID 137–38. The only remaining claims are against Trooper Carroll for excessive force under 42 U.S.C. § 1983, ECF 1, PgID 3–6, and assault and battery, *id.* at 14–15.

The Court explained in an omnibus order that Trooper Carroll failed to timely respond to the complaint due to (a) the COVID-19 pandemic and (b) Trooper Carroll's arbitration between his union and employer. ECF 40, PgID 587–88. In the omnibus order, the Court denied Plaintiff's motion for default judgment against Trooper Carroll. *Id.* at 588–89. Although the Court did not explicitly set aside the default, the

1

Court's omnibus order implied that the default would be set aside. *See id.* at 588 ("Trooper Carroll's default resulted not from willful misconduct, carelessness or negligence, but from delayed mail, a global pandemic, and his good-faith belief that nothing could be done until after completing his arbitration."); *see also* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause."). To be clear, the Court will order the Clerk of the Court to set aside the default as to Trooper Carroll.

Because Trooper Carroll responded to the complaint with a motion to dismiss or for summary judgment, ECF 34, the Court will address the pending motion. Plaintiff responded twice to the motion. ECF 35; 36. Local Rule 7.1(c) allows a party to file one response in opposition to a motion. "A party must obtain leave of the court to file more than one response." E.D. Mich. L.R. 7.1(c)(3). Because Plaintiff did not move for leave to file his second response, the Court will order the Clerk of the Court to strike the second response, ECF 36.

Plaintiff later moved for summary judgment against Trooper Carroll as to liability only. ECF 37. The parties fully briefed the motion. The Court reviewed the briefs for the two motions and a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons below, the Court will deny Trooper Carroll's motion to dismiss and Plaintiff's summary judgment motion.

# BACKGROUND[1]

In the early morning hours of December 28, 2017, Michigan State Police pulled Plaintiff's car over for speeding and improperly changing lanes. ECF 1, PgID 2, 7. Once Plaintiff stopped his car, Trooper Carroll "immediately approached Plaintiff's vehicle, opened the driver side door, pulled Plaintiff's cane from the vehicle, then pulled Plaintiff from the vehicle, and slammed his face to the ground." *Id.* at 2. Trooper Carroll then slammed Plaintiff against the hood of the squad car. *Id.*

Plaintiff was later taken to Providence Hospital. *Id.* at 2–3. Apart from suffering a chipped tooth, doctors diagnosed Plaintiff "with soft tissue contusion, acute cervical (neck) sprain, lip laceration, and facial contusions." *Id.* After receiving treatment, Plaintiff was booked at the Oakland County Jail. *Id.* Based on these events, Plaintiff sued Trooper Carroll for excessive force and assault and battery. *Id.* at 3–6, 14–15.

# LEGAL STANDARD

I. <u>Motion to Dismiss</u>

The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the

---

[1] Because the Court must view all facts in the light most favorable to the nonmoving party, *see Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008), the Court's recitation does not constitute a finding or proof of any fact.

3

plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett*, 528 F.3d at 430.

But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

The Court may also rely on video evidence if the "video 'utterly discredit[s]' [the plaintiff's] version of events and allows [the Court] to ignore the 'visible fiction' [of] his complaint." *Bailey v. City of Ann Arbor*, 860 F.3d 382, 386 (6th Cir. 2017) (quoting *Scott v. Harris*, 550 U.S. 372, 380–81 (2007)). The Court cannot employ video evidence if "the video captured only part of the incident or would distort [the Court's] view of the events." *Id.* (citation omitted).

II. Summary Judgment

The Court must grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party must identify specific portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the non-moving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citations omitted).

**DISCUSSION**

The Court will first address the procedural arguments that Plaintiff asserted in the first response to the motion to dismiss. After, the Court will address whether the Court may rely on the dashcam video to resolve the motion to dismiss. The Court will then address the excessive force claim against Trooper Carroll followed by the assault and battery claims. Last, the Court will address Plaintiff's summary judgment motion.

I.  Procedural Arguments

Plaintiff asserted two procedural arguments for why the Court should deny the motion to dismiss. First, Plaintiff claimed that Trooper Carroll failed to seek concurrence before filing the motion to dismiss and thus violated Local Rule 7.1(a). ECF 35, PgID 349–50. Second, Plaintiff contended that Trooper Carroll never moved to set aside the entry of default and thus Trooper Carroll could not move to dismiss the complaint. ECF 35, PgID 350–53.

The Court will reject the first argument for two reasons. First, Trooper Carroll's motion stated that he had "explained the nature of the motion and its legal basis, but concurrence was denied." ECF 34, PgID 288. Plaintiff offered no evidence besides merely alleging that Trooper Carroll "made no attempt to reach out to Plaintiff." ECF 35, PgID 350. At any rate, Trooper Carroll's motion complied with Local Rules by stating "the movant explained the nature of the motion" and that he "did not obtain concurrence in the relief sought." E.D. Mich. L.R 7.1(a)(2)(A); *see* ECF 34, PgID 288.

Even if Plaintiff is correct that Trooper Carroll did not seek concurrence before moving to dismiss, Plaintiff cannot show prejudice. Indeed, "the Sixth Circuit has held that Rule 7.1(a) is largely an empty formality in the case of dispositive motions since, if the other party agreed, the parties could simply stipulate to a dismissal." *Dorman Prods., Inc. v. Dayco Prods., LLC.*, 749 F. Supp. 2d 360, 637 (E.D. Mich. 2010) (cleaned up) (quoting *Walls v. Detroit*, 993 F.2d 1548, 1993 WL 158498, at *4, n.2 (6th Cir. 1993) (table)). And, as the Court's Practice Guidelines state, "[f]ailure to seek concurrence or adhere to Local Rule 7.1(a) *may* result in the Court striking the motion." (emphasis added). It follows that the Court need not strike the motion if Trooper Carroll failed to seek concurrence. The Court will therefore reject Plaintiff's request to deny the motion to dismiss under Local Rule 7.1(a).

The Court is also unpersuaded by Plaintiff's second procedural argument. The Court already ruled that Trooper Carroll had good cause to set aside the entry of default and deny the motion for default judgment. ECF 40. And it is irrelevant that

6

Trooper Carroll moved to dismiss the complaint before requesting that the Court set aside the entry of default. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983) ("[A]n answer or other opposition to a motion for default may be treated as a motion to set aside entry of default."). In sum, the Court rejects the two procedural arguments for denying the motion to dismiss.

II. <u>Dashcam Video</u>

The Court has already reviewed the dashcam video of the traffic stop and found that "the video does not 'so blatantly and conclusively contradict' the allegations in the complaint." ECF 23, PgID 131 (quoting *Osberry v. Slusher*, 750 F. App'x 385, 390 (6th Cir. 2018)). For that reason, the Court will decline to rely on the dashcam video to resolve the motion to dismiss. ECF 23, PgID 131. The Court will also decline to convert the motion to dismiss into a summary judgment motion because the parties have not exchanged discovery. *Id.* ("[T]he Court will decline to convert Defendants' motion into a motion for summary judgment because no discovery has taken place."); *see Tucker v. Union of Needletrades, Indus., & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) (A summary judgment motion "may not be granted until a plaintiff has had an opportunity for discovery.").

III. <u>Excessive Force Claim</u>

Trooper Carroll asserted a qualified immunity defense to the excessive force claim. ECF 34, PgID 312–13. Qualified immunity "'shield[s]' public officials from money-damages liability if 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"

7

*Citizens in Charge, Inc. v. Husted*, 810 F.3d 437, 440 (6th Cir. 2016) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

"To survive the motion to dismiss on qualified-immunity grounds, [P]laintiff must allege facts that plausibly mak[e] out a claim that the defendant's conduct violated a constitutional right that was clearly established law at the time, such that a reasonable officer would have known that his conduct violated that right." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016) (quotation omitted). "[P]laintiff also must allege with particularity facts that demonstrate what each defendant did to violate the asserted constitutional right." *Id.* (quotation omitted). And "[P]laintiff bears the burden of showing that an officer is not entitled to the defense of qualified immunity." *Id.* (citation omitted).

"[T]he right to be free from the excessive use of force is a clearly established Fourth Amendment right." *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 902 (6th Cir. 2004) (quoting *Neague v. Cynkar*, 258 F.3d 504, 507 (6th Cir. 2001)). For excessive force claims, "the question is whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *King v. United States*, 917 F.3d 409, 429–30 (6th Cir. 2019) (quoting *Graham v. Connor*, 490 US. 386, 397 (6th Cir. 1989)) (alterations in original).

"[T]o determine whether the use of force in a particular situation was reasonable, th[e] Court must look to the totality of the circumstances." *Id.* at 430 (citing *Graham*, 490 U.S. at 396). And for that assessment, the Court weighs the

8

"three [*Graham*] factors: (1) the severity of the crime at issue; (2) whether the suspect posed an immediate threat to the safety of the officers or others; and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *King*, 917 F.3d at 430 (citation omitted).

Under the *Graham* factors, the Court cannot yet determine whether Trooper Carroll used reasonable force. Based on the complaint's allegations, the first factor favors Plaintiff because Trooper Carroll had allegedly pulled him over for minor traffic infractions. ECF 1, PgID 2. The second factor also favors Plaintiff at this stage because no allegations suggest that Plaintiff endangered the officers during the traffic stop. The third factor likewise supports Plaintiff because the complaint alleged that Plaintiff was sitting in his car when Trooper Carroll pulled him from the car and body slammed him face first into the ground and then slammed him on the hood of the patrol car. *Id.*

Based on the three *Graham* factors, the complaint plausibly alleged that body slamming Plaintiff's face into the ground and slamming Plaintiff against the patrol car was unreasonable. *See Harris v. Langley*, 647 F. App'x 585, 590 (6th Cir. 2016) (finding that the Fourth Amendment clearly prohibits "unprovoked body slams from police officers"). What is more, "slamming an arrestee into a vehicle constitutes excessive force when the offense is non-violent, the arrestee posed no immediate safety threat, and the arrestee had not attempted to escape and was not actively resisting." *Miller v. Sanilac Cnty.*, 606 F.3d 240, 254 (6th Cir. 2010) (citing *Graham*, 490 U.S. at 396). In all, Plaintiff has plausibly pleaded an excessive force claim, and

9

the Court will not dismiss the § 1983 claim against Trooper Carroll under the qualified immunity defense.

That said, the Court does not have enough of a record to resolve Trooper Carroll's qualified immunity claim at this time. *See Hart v. Hillsdale Cnty., Mich.*, 973 F.3d 627, 635 (6th Cir. 2020) ("[I]t is often perilous to resolve a Rule 12(b)(6) motion on qualified immunity grounds because development of the factual record is frequently necessary to decide whether the official's actions violated clearly established law.") (alterations in original) (quotation omitted). Trooper Carroll may therefore reassert his qualified immunity defense in a summary judgment motion. *Wesley v. Campbell*, 779 F.3d 421, 433 (6th Cir. 2015) ("Although an officer's entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point, that point is usually summary judgment and not dismissal under Rule 12.") (internal marks and citations omitted).

IV. <u>Assault and Battery Claim</u>

"Under Michigan law, an assault is defined as 'an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery.'" *Binay v. Bettendorf*, 601 F.3d 640, 653 (6th Cir. 2010) (quoting *Grawey v. Drury*, 567 F.3d 302, 315 (6th Cir. 2009)). "A battery is defined as 'an unintentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person.'" *Id.* (quoting *Grawey*, 567 F.3d at 315).

Trooper Carroll asserted two arguments to dismiss the claim. First, he argued his conduct was not assault and battery because "[p]olice officers may use reasonable force when making an arrest." ECF 34, PgID 317 (citation omitted). Second, the Court should grant him qualified immunity. ECF 34, PgID 318 ("He is thus entitled to the protections of governmental immunity."). The Court will address each argument in turn.

A police officer may use reasonable force to carry out a lawful arrest. *Tope v. Howe*, 179 Mich. App 91, 106 (1989). But a police officer who uses excessive force may be held liable for assault and battery. *White v. City of Vassar*, 157 Mich. App 282, 293 (1987). Because the Court cannot find, based on the complaint's allegations, whether Trooper Carroll used reasonable force on Plaintiff, the Court must deny Trooper Carroll's motion to dismiss.

As for the qualified immunity claim, under Mich. Comp. Laws § 691.1407(2), Trooper Carroll is entitled to immunity for tort claims if he satisfies three elements. First, he must have acted during his employment. *Odom v. Wayne Cnty.*, 482 Mich. 459, 480 (2008). Second, he must have acted in good faith. *Id.* And third, his actions must have been discretionary. *Id.* Although the Court must view the facts from Trooper Carroll's perspective, *Latits v. Phillips*, 298 Mich. App. 109, 116 (2012), the Court lacks facts to determine whether he acted in good faith. Without more facts, the Court cannot foreclose the chance that Trooper Carroll's behavior "show[ed] such indifference to whether harm [would] result as to be equal to a willingness that harm [would] result." *Odom*, 482 Mich. at 475; *see Brown v. Lewis*, 779 F.3d 401, 420–21

11

(6th Cir. 2015) (holding that an officer who threw a plaintiff to the ground despite the plaintiff cooperating with their orders did not foreclose the chance that the officer acted maliciously). The Court will therefore deny the motion to dismiss. Trooper Carroll may raise the qualified immunity defense in a summary judgment motion after developing the record.

IV.   Plaintiff's Summary Judgment Motion

The Court will deny the summary judgment motion as premature. "Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995). Summary judgment motions "filed before the close of discovery [are] often denied as premature" based "on the [C]ourt's own initiative without an explicit request from the opposing party." *CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. 2011) (quoting *Wells v. Corp. Accounts Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010)).

Put simply, a non-movant must have some discovery before the Court may grant summary judgment. *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994). Because Trooper Carroll has not had Court-approved discovery time, the Court will, on its own initiative, deny the summary judgment motion as premature. *See CLT Logistics*, 777 F. Supp. 2d at 1076. Plaintiff may refile a second summary judgment motion after the discovery deadline. E.D. Mich. L.R. 7.1(b)(2).

## CONCLUSION AND ORDER

The Court has denied both motions. The only remaining claims are the § 1983 excessive force claim and the assault and battery claims against Trooper Carroll. The Court will therefore require Trooper Carroll to answer the remaining claims in the complaint no later than July 28, 2021. After, the Court will hold a Rule 16 conference.

**WHEREFORE**, it is hereby **ORDERED** that Trooper Carroll's motion to dismiss or for summary judgment [34] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [37] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **SET ASIDE** the default as to Trooper Carroll.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **STRIKE** ECF 36.

**IT IS FURTHER ORDERED** that Trooper Carroll must **ANSWER** the remaining claims no later than **July 28, 2021**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 7, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 7, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager