UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON SPICER,

            Plaintiff,

v.

THE STATE OF MICHIGAN, et al.,

            Defendants.

Case No. 2:19-cv-13718

HONORABLE STEPHEN J. MURPHY, III

## ORDER DENYING
## MOTION TO COMPEL DEPOSITION [50]

Plaintiff Jason Spicer moved to compel Defendant Trooper Mark Carroll to sit for a deposition under Federal Rule of Civil Procedure 37(a)(3)(B). ECF 50, PgID 680–81. Plaintiff explained that Defendant's counsel failed to respond to or acknowledge his requests to schedule Defendant's deposition. *Id.* at 679. Defendant untimely responded to the motion. ECF 51; *see* E.D. Mich. L.R. 7.1(e)(1)(A).[1] But the Court will deny the motion because Plaintiff has not filed a proper motion.

Under Rule 37(a)(3)(B)(i), a party can move to compel a deponent to answer a question asked under Rule 30. Simply put, Defendant has not refused to answer a question asked under Rule 30 because he has not sat for his deposition. After all, Plaintiff's counsel has asked no specific questions under Rule 30. Instead, Plaintiff

---

[1] Because the response is untimely, the Court will order the Clerk of the Court to strike the brief.

1

has had trouble scheduling Defendant's deposition. ECF 50, PgID 679. Rule 37 is therefore unavailing to Plaintiff.

Rather, Rule 30(a)(1)'s plain text explains that a "deponent's attendance may be compelled by subpoena under Rule 45." Rule 45 is thus the proper avenue for Plaintiff to seek recourse for a deponent, such as Defendant, that will not attend a deposition. *See* Fed. R. Civ. P. 45(c)(1). Because Plaintiff did not move under Rule 45, the Court will deny the motion. Plaintiff should carefully read the Federal Rules of Civil Procedure before filing another discovery motion, and Defendant should carefully review the local rules to avoid timeliness issues. The Court will not award any fees for the motion because Defendant's counsel did not timely respond; any award would unjustly compensate Defendant for his counsel's untimeliness. *See* Fed. R. Civ. P. 37(a)(5)(B).

**WHEREFORE**, it is hereby **ORDERED** that the motion to compel [50] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **STRIKE** ECF 51.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: March 14, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 14, 2022, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager